IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOUREY NEWELL and JAMES EVERETT SHELTON, individually and on behalf of a class of all persons and entities similarly situated, : : : : | Case No. 1:19-cv-01983 |
| Plaintiff, : : | Hon. Andrea Wood |
| v. : : | |
| GOHEALTH, LLC : : | |
| Defendant. : | |

ORDER GOVERNING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

The parties having jointly requested the entry of an Order governing Discovery of Electronically Stored Information, and for good cause shown, it is hereby ORDERED as follows:

A. **ESI Production.**

Electronic records produced by the parties should be provided in the following format:

1. PDFs. The parties shall generally produce electronic documents as PDFs with one document within each .pdf file. PDFs shall be searchable where the original electronic documents were maintained in a searchable format. No party shall be obligated to render electronic documents searchable.

2. Color. The parties will accommodate reasonable requests for production of specific documents in color. However, for any document that will lose meaning or will be illegible if produced in black and white, parties agree to produce those documents in color. ESI produced in color will be produced in .pdf format.

3. Unique IDs. Each record produced should have a unique file name which will be the Bates number of its first page (e.g. ABC0000001) or the Bates range of the documents produced (e.g. ABC0000001-10).

4. Native Format. The parties have agreed that the following documents will be produced in native format: Excel spreadsheets, Access databases, and other file types that do not readily convert to searchable PDF format.

The parties reserve their rights to seek additional electronic documents such as voluminous call log data in their native format.

5. Non-Convertible Files. Certain types of files such as system, program, video and sound files may not be amenable to conversion into anything meaningful in PDF format. Responsive, non-convertible files will be produced in the form of a placeholder PDF image, subject to the requesting party's request for the native file(s). Some examples of file types that may not convert include file types with the following extensions: *.exp, *.ilk, *.res, *.trg, *.tlh, *.idb, *.pdb, *.pch, *.opt, *.lib, *.cab, *.mov, *.mp3, *.swf, *.psp, *.chi, *.chm, *.com, *.dll, *.exe, *.hld, *.ivi, *.ivt, *.ix, *.msi, *.nls, *.obj, *.ocx, *.rmi, *.sys, *.tmp, *.tff, *.vbx, *.wav, *.wpg, *.iso, *.pdb, *.eps, *.mpeg, *.mpg, *.ram, *.rm, *.psd, *.ai, *.aif, *.bin, *.hqx, *.snd, *.mpe, *.wmv, *.wma, and *.xfd.

Other files may not be able to be converted to PDF due to password protection or corruption (for example). If reasonable efforts to obtain useful PDF images of these files are unsuccessful, these non-convertible files will also be accounted for with a PDF placeholder.

6. Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent document) must be preserved.

7. Search Terms/Date Ranges. In an attempt to minimize e-discovery costs and disputes, the Parties agree that search terms may be used to identify documents.

B. **Miscellaneous Production Items.**

Production Media. Documents will be produced on CD-ROM or DVD disks, on portable hard drives, or via secure file transfer protocol (SFTP).

C. **Right to Request Additional Information.**

The agreements set forth herein are without prejudice to the right of a requesting party to request additional information about specific ESI if that party can demonstrate that material, relevant, and responsive information that is not otherwise cumulative of information already produced can only be found through such additional efforts. The parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes if agreement cannot be reached.

D. **Inadvertent Production of Documents.**

Production of documents and ESI in this case shall be without prejudice to and shall not waive, for purposes of this case or otherwise, any attorney-client privilege or work product protection that otherwise would apply. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

A producing party may assert privilege or protection over produced documents and ESI at any time by notifying the receiving party(ies) in writing of the assertion of privilege or protection, except that:

(a) Affirmative use of ESI or a document by the producing party in the case waives privilege and protection with respect to it, and of other ESI and documents to the extent provided by Federal Rules of Evidence, Rule 502(a); and

(b) Upon use in the case by another of ESI or a document that was produced by a party, that producing party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of its documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party shall:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the Court; and

(b) to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court by motion.

E.  **Modifications to ESI Protocol.**

The parties agree that any of the terms and requirements herein can be modified by agreement between the parties reduced to writing.

IT IS SO ORDERED:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: June 4, 2019

3